**DUBINSKY REALTY CO. et al. v. LORTZ et al.**

No. 12171.

Circuit Court of Appeals, Eighth Circuit.

July 13, 1942.

Robert Burnett and B. L. Liberman, both of St. Louis, Mo. (Henry H. Stern and Dubinsky & Duggan, all of St. Louis, Mo., on the brief), for appellants.

Arnim Beste and J. E. Patton, both of St. Louis, Mo., for appellees.

Before SANBORN and WOODROUGH, Circuit Judges and TRIMBLE, District Judge.

WOODROUGH, Circuit Judge.

This is an appeal by Dubinsky Realty Company and Saul A. Dubinsky from a verdict and judgment rendered against them in an action brought by George Lortz and Lena Lortz, husband and wife.

The suit was brought on August 18, 1937, and the case was tried upon the first amended petition of the plaintiffs and the general denial contained in the answer thereto.

Plaintiffs are farmers living in St. Clair County, Illinois, and defendants are realtors in St. Louis, Missouri. Plaintiffs pleaded that defendants induced them to buy "for investment purposes" the apart-

ment house property in St. Louis County containing ten apartments known as 744–46 Westgate Avenue on September 24, 1932, "for $36,000 by paying $14,000 of said purchase consideration in securities, accepted at $10,000, and $4,000 in cash, balance of the consideration having been represented by deeds of trust in the amount of $22,000 to which said conveyance was made subject." It was alleged that the plaintiffs were induced to buy the property by false and fraudulent representations wilfully made by defendants which were believed and relied upon by plaintiffs and that approximately a year after plaintiffs had acquired the property defendants notified plaintiffs that the property was "running into the red" and defendants then induced plaintiffs to exchange their interest in the Westgate property on December 1, 1934, for an undivided one-fourth interest in another apartment property in the City of St. Louis, known as the Palmer Apartments. That such exchange was also induced by false and fraudulent representations wilfully made by defendants which were believed and relied upon by plaintiffs. That the Palmer Apartment property was subject to the lien of a deed of trust for $107,800 and "there was no equity therein and there is none now." There was no allegation as to what the value of the Westgate property was at the time of plaintiffs' purchase. The amended petition concluded:

"Plaintiffs state they have received no return on their cash investment of $14,000.-00 which they were fraudulently and maliciously induced to make in said real properties herein described since January 31, 1934, and have been damaged in the sum of $14,000.00, together with the loss of interest at 6% per annum thereon from January 31, 1934, to date.

"Wherefore, plaintiffs pray judgment against said defendants, and each of them, in the said sum of $14,000.00, and interest from January 31, 1934, to cover actual damages suffered, and because of the reckless and malicious character of said acts, as aforesaid, on the part of the said defendants, plaintiffs pray punitive damages in such sum as will deter others from like or similar acts, said sum not to exceed $20,000.00 or a total judgment of $34,-000.00, and interest, and for their costs."

Voluminous testimony was adduced at the trial and at the conclusion defendants moved for directed verdict and also made timely requests for instructions to the jury. The rulings were adverse to them, and the case having been submitted to the jury, a verdict was returned in favor of the plaintiffs in the amount of $18,143.83, which included $11,000 actual damages, $4,643.83 interest and $2,500 punitive damages. The judgment was rendered on the verdict. On this appeal the defendants complain of the instructions given and refused, and of errors assigned in respect to the admission and exclusion of evidence.

### Opinion.

Although the first amended petition of the plaintiffs on which their case against the defendants was submitted is somewhat involved, it clearly discloses that it was the plaintiffs' intention to state an action against the defendants for the recovery from them of the sum of $14,000 which the defendants had by means of false representations in connected transactions induced the plaintiffs to invest in the Westgate and Palmer apartment properties, together with interest and punitive damages. The proof adduced by the plaintiffs also established that they did acquire the Westgate property subject to encumbrances of $22,000 and that they did on defendants' inducement exchange their interest in that property for the Palmer apartment property which was subject to an encumbrance of $107,800. Their allegations were that there was no equity in the Palmer apartment property over the incumbrance so that the plaintiffs "have received no return on their cash investment of $14,000.00 which they were fraudulently and maliciously induced to make in said real properties." Defendants' general denial of the allegations tendered the issue whether plaintiffs had lost their investment by reason of the alleged worthlessness of the interest in the Palmer apartments.

But when the court formulated its charge to the jury it did not adhere to the issues tendered by the pleadings. Although it correctly advised the jury that plaintiffs were claiming that they had suffered the damages sought to be recovered by reason of defendants' alleged false representations inducing the plaintiffs to purchase the Westgate property and then to exchange that property for the Palmer property, one property being in the County of St. Louis and the other being in the City of St. Louis, it gave instructions to the jury only in relation to the Westgate property pur-

chase and the charge was entirely silent and contained nothing concerning the exchange of the property for the Palmer property. There was no reference in the instructions to the value of the Palmer property or of the interest which plaintiffs acquired and still retain in it. The jury was instructed[1] that if they found and believed that the defendants had induced the plaintiffs to buy the apartment property in St. Louis County known as Westgate, by means of false representations, knowingly or recklessly made by defendants and believed and relied on by plaintiffs that said property was worth $36,000 and that the rental income was sufficient to pay the operating expenses and to pay off the lien of a deed of trust standing against the property in the sum of $22,000 at the rate of $3,000 each year on the principal, then their verdict should be in favor of the plaintiffs. The instruction was further, that if the finding was in favor of plaintiffs the damages should be assessed at the difference between what would have been the value of the Westgate property if the facts were as represented, and its actual value at the time plaintiffs purchased the property.

■ It appears to be the law of Missouri that one who has been induced to purchase property by the seller's false representations may keep the property and maintain an action against the seller for the difference between what would have been the value of the property if the facts were as represented and its actual value at the time of purchase,[2] and the court's instructions submitted this case to the jury as though the pleadings had presented that kind of an action involving plaintiffs' purchase of Westgate and nothing else.

■ The allegations and prayer of

---

[1] "The Court instructs the jury that if you find and believe from the evidence that on and prior to the 24th day of September, 1932, plaintiffs were residing on a farm in the State of Illinois and were uninformed as to values of real property located in the City and County of St. Louis, Missouri; and if you find that about said time David Grossman did call upon and confer with plaintiffs regarding investments in real estate in the City and County of St. Louis and induced plaintiffs to come to the City of St. Louis to confer with Samuel M. Grossman, and that at said time said Samuel M. Grossman represented to plaintiffs and stated as facts that the property described in the evidence, located at 744-746 Westgate Avenue, in the County of St. Louis, Missouri, was actually worth $36,000; that the rental income from said property was sufficient to enable plaintiffs to pay the operating expenses thereof and to pay off a deed of trust in the sum of $22,000 at the rate of $3,000.00 each year on the principal, and that in six or seven years plaintiffs could, out of the income, clear said encumbrance on said property, and if you find that plaintiffs relied upon said representations and believed them to be true and were induced thereby to purchase and did purchase said property at the price of $36,-000, and if you find that said representations were then and there false, and that said Samuel M. Grossman knew that said representations were false, or that he made said representations, if you find he did, recklessly as of his own knowledge, when in fact he did not know whether said representations were true

or false, and if you further find that plaintiffs were damaged thereby, and if you further find that in making said representations to plaintiffs and selling said property to them, the said Samuel M. Grossman was acting as agent of the defendant, Dubinsky Realty Company, and if you further find that defendant, Saul Dubinsky, before plaintiffs purchased said property, aided and assisted said Grossman in inducing plaintiffs to purchase said property by representing to them as a fact that it was worth $36,000 and that plaintiffs relied upon such representation and believed it to be true and were induced thereby to make said purchase, and that said Saul Dubinsky knew at that time that said representation was false, then plaintiffs are entitled to recover from the said Dubinsky Realty Company and Saul Dubinsky and your verdict will be in favor of plaintiffs and against said defendants.

"The Court instructs the jury that if under the evidence and the instructions in this case you find for the plaintiffs, you will assess their actual damages in such sum as you find and believe from the evidence is the difference, if any, between what would have been the value of the property at 744-746 Westgate Avenue, if the facts were as represented, and its actual value at the time plaintiffs purchased said property."

[2] The so-called Missouri "benefit of the bargain" rule. See McFarland v. Cobb, Mo.Sup., 64 S.W.2d 931; Wolfersberger v. Miller, 327 Mo. 1150, 39 S.W.2d 758; Finke v. Boyer, 331 Mo. 1242, 56 S.W.2d 372; Kendrick v. Ryus, 225 Mo. 150, 123 S.W. 937, 135 Am.St.Rep. 585.

plaintiffs' first amended petition do not permit the interpretation that such was the nature of the plaintiffs' cause of action. It is unequivocally alleged in the pleading that the plaintiffs had received the title to the Palmer property through the exchange of their Westgate property and they attributed the loss of their investment to the alleged worthlessness of the title to the Palmer property, and they therefore pray judgment in the alleged amount of their investment. Their amended petition was filed in the Federal District Court nearly six months before decision in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and it is plain that the plaintiffs did not intend to and did not plead in their amended petition the cause of action which the court's instructions submitted to the jury. It is elemental that a party who has sued upon one cause of action may not recover upon another and different one, and the instructions which confined the jury's consideration to the plaintiffs' Westgate purchase and eliminated consideration of the cause of action for the loss of their investment which the plaintiffs had pleaded was erroneous.

It may be that if the plaintiffs had been so advised they could have brought a distinct and single action for loss of the benefit of their bargain in respect to their purchase of the Westgate property under Missouri law. Although such an action could not have been maintained in this Circuit at the time plaintiffs filed their first amended petition (Roosevelt v. Missouri St. Life Ins. Co., 8 Cir., 78 F.2d 752, loc. cit. 762), we assume that it could be since Erie R. Co. v. Tompkins, supra. But even if the plaintiffs' amended petition in this case were construed to state such an action, which it does not, our study of the record has convinced that the verdict and judgment here could not be sustained.

■ In such an action the measure of recovery is the difference between what would have been the value of Westgate if the facts were as represented and its actual value at the time plaintiffs purchased the property, and it was incumbent on the plaintiffs to establish such actual value at the time of purchase. The defendants called several realtor witnesses who qualified as experts on the value of Westgate and they gave it as their opinion that the true value was about $36,000, or substantially the amount plaintiffs charge defendants represented it to be worth. The plaintiffs did not call any witnesses qualified to give an opinion on the value of the property, and they themselves were uninformed about it and relied entirely on the representations made to them. They introduced the record of certain transfers of the property indicating that the Prudential Insurance Company of America had foreclosed a lien which it had against the property and had bid the property in at foreclosure sale for $10,000 on July 11, 1932, and received a trustee's deed therefor on that date. On October 14, 1932, the insurance company executed its special warranty deed conveying the property for the stated consideration of $23,250 to one S. M. Grossman. The deed warranted the title only as against any one claiming under the insurance company. On the same day (October 14, 1932) S. M. Grossman and wife executed their warranty deed conveying the property to the plaintiffs. The deed recited that the title was subject to deeds of trust aggregating $22,000 which were identified as a deed of trust to the Prudential Insurance Company for $20,950 and one to one Joseph S. Fishman, trustee, for $1,050. The insurance company subsequently foreclosed its $20,950 deed of trust and bid the property in on the foreclosure sale for $13,500 on December 12, 1934, receiving trustee's deed of that date.

■ The plaintiffs called Martin L. Neaf, St. Louis County Assessor, who testified that one of his deputies had made a view of the Westgate property and valued it as of June 1, 1933, in the sum of $21,040 and the tax assessment roll produced by the witness showed the property assessed for taxes in that amount in the names of the plaintiffs for the year 1933. In Kansas City & G. Ry. Co. v. Haake, 331 Mo. 429, 53 S.W.2d 891, 892, 84 A.L.R. 1477, the Supreme Court of Missouri said: "Unquestionably, the law is, and ought to be, that the valuation placed upon property by a public official for purposes of taxation only is not competent evidence to go to a jury on a litigated question of the value of the land. If it can be shown that the landowner has himself placed a value on the property in question, whether for taxation or otherwise, or has in some way assented or even acquiesced in fixing the valuation, then such evidence might well

be proper on cross-examination and as contradictory of such witness." See Jones' Commentaries on Evidence, Section 168.

There was also evidence that there were vacancies during the time the plaintiffs owned Westgate and it did not produce a net income of $3,000 a year above cost of operation as defendants are claimed to have represented that it would.

■ Although the recital of a consideration of $23,250 contained in the special warranty deed from the insurance company to Grossman was admissible on the issue of value at the time of the sale of the property to plaintiffs, we think it clear that the tax assessment roll showing the amount at which the property was assessed for taxation in the name of the plaintiffs for the year 1933 was not competent evidence of such value. Likewise, the showing that the insurance company's bid of $10,000 was the highest bid at its foreclosure sale of July 11, 1932, and that its bid of $13,500 was the highest bid at the other foreclosure sale on December 12, 1934, and that the property was struck off to the lienor on those bids, had no substantial probative weight to establish that the amounts of the bids were the actual values of the property at the time. Kansas City & G. Ry. Co. v. Haake, 331 Mo. 429, 53 S.W.2d 891, 84 A.L.R. 1477.

■ It is apparent from the record, aside from the opinions of the expert witnesses, that the Westgate property was a fairly located ten-apartment building having substantial sound value susceptible of proof and the trial court erred in receiving the plaintiffs' showing of the tax rolls and the bids at the forced sales to sustain the burden of proving value which rested upon them. Though the rate at which property is taxed may, under some circumstances, become pertinent as an element to be considered in an appraisal, in this case the plaintiffs did not offer any appraisal by competent witnesses, and they could not establish the value or prove the falsity of the representation that Westgate was worth $36,000 by showing that it was taxed at less, or that it had been bid in for less at forced sales. They did not plead what the value was, and the court erred in receiving this evidence to prove the fact.

The jury found, under the court's instructions, that the difference between the represented value of $36,000 and the actual value was $11,000, so that they found $25,000 of actual value. They may well have set the forced sale prices or tax assessments against the competent testimony of the experts.

There is a further fundamental reason why this judgment could not be sustained even if plaintiffs' petition were construed as one for recovery of damages measured by the benefit of the plaintiffs' bargain on the purchase of Westgate alone.

■ It is alleged in the petition as a connected transaction that after the plaintiffs acquired the Westgate property they exchanged that property for the Palmer property and they still hold the latter property. Although they alleged that their interest therein subject to the encumbrances was and is of no value, they called no witnesses to sustain such allegation. They showed that they had not received any cash income in hand from it up to the time of trial, and they also showed that it was assessed for taxation at an amount less than encumbrance against it. But the defendants' position was that the plaintiffs' interest had a very substantial value and the record contains some evidence to that effect. It is plain that plaintiffs could not on any just principle compel the defendants to pay damages resulting from the alleged false representations without taking into account the value of the interest in the Palmer property which plaintiffs received and still enjoy.[3] As the case was pleaded, there had to be proof of the worthlessness of that interest to make out any case for the jury. But aside from any considerations of pleading, no fair and just adjudication could be had of the plaintiffs' claim for damages resulting from the transactions alleged to have been induced by defendants' false representations without taking into account and evaluating all the property which the plaintiffs received in the transactions. We hold, therefore, that the court erred in failing to give the jury instructions concerning the Palmer property and the transactions in respect thereto. Defendants' right to review of that error was properly preserved.

---

[3] "In Missouri the measure of damages for fraud in the exchange of real estate is the difference between the value of the land conveyed by the complaining party and the value of the land which was conveyed to him. McFarland v. Cobb, Mo.Sup., 64 S.W.2d 931; 27 R.C.L. 382, Sec. 85."

The judgment must accordingly be reversed for the errors pointed out.[4] Other questions raised and argued on the appeal have been considered but need not be discussed. There is testimony in the record tending to show that the plaintiffs in this case were induced by the defendants to exchange certain of their securities and $4,000 in cash equivalents for the Westgate property, and upon the failure of that property to produce sufficient income they were further induced to trade that property for the Palmer property. If, as they allege, false representations of the defendants induced the transactions, and if they suffered damages as the result, they should recover judgment to compensate them. We think the first amended petition of the plaintiffs is in proper form to enable the plaintiffs to present the evidence they have to rely on, but in order to justify the recovery prayed for the plaintiffs must be required to prove the material allegation of their petition to the extent that they are true. They allege that they "did purchase and pay $36,000 for said property [Westgate]" and they should not expect to recover as actual damages more than they paid. Nor can they expect to recover their investment back without accounting for the value of what they have received and kept. It has been contended for defendants that the alleged false representations relied on by plaintiffs and described in the court's instructions were not actionable and numerous cases are cited to the effect that generally a seller's declaration that the property is worth so much, or that it will in the future produce such and such a net income, cannot be sued on as a false representation. But it is settled in Missouri that under certain circumstances it may be. Horwitz v. Schaper, Mo.App., 119 S.W.2d 474; Long v. Freeman, 228 Mo. App. 1002, 69 S.W.2d 973; Finke v. Boyer, 331 Mo. 1242, 56 S.W.2d 372; Luikart v. Miller, Mo.Sup., 48 S.W.2d 867; Stonemets v. Head, 248 Mo. 243, 154 S.W. 108; Wendell v. Ozark Orchard Co., Mo.App., 200 S.W. 747; State v. Daues, 316 Mo.

474, 290 S.W. 425; Jeck v. O'Meara, 341 Mo. 419, 107 S.W.2d 782. It is incumbent upon the trial court to instruct the jury upon the rule of law applicable to the circumstances in evidence as such law has been established in the state.

Reversed and remanded for new trial.

---

[4] It is possible that the question of interest as an element of damages may arise upon a new trial of this case. It appears that in an action for fraud, where the demand is unliquidated and incapable of ascertainment by computation, interest should not be allowed. Wolfersberger v. Miller, 327 Mo. 1150, 39 S.W.2d 758; compare Laughlin v. Hopkinson, 292 Ill. 80, 126 N.E. 591. But if the demand is liquidated or is ascertainable by computation as of a definite time, interest may be allowed. Wolfersberger v. Miller, supra; Becker v. Thompson, 336 Mo. 27, 76 S.W.2d 357; Arthur v. Wheeler & Wilson Mfg. Co., 12 Mo.App. 335.